# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **JACK BRADLEY DAILEY** | **CIVIL ACTION NO. 05-1472** |
| **VERSUS** | **JUDGE JAMES** |
| **DOLLAR GENERAL STORES, LTD.** | **MAGISTRATE JUDGE HAYES** |

## RULING ON MOTION FOR REMAND
## FOR LACK OF JURISDICTIONAL AMOUNT[1]

Plaintiffs initiated this personal injury action for damages in the Third Judicial District Court, Parish of Lincoln, State of Louisiana. Defendant Dolgencorp, Inc., (Improperly named as Dollar General Stores, Ltd., in the original petition), removed the matter to this court based on the allegation that the amount in controversy exceeded $75,000.00 and therefore the court had diversity jurisdiction under 28 U.S.C. §1332. Defendant moved to remand, stating that the amount in controversy is less than the $50,000.00 jury amount, and that it does not approach an amount greater than $75,000.00. In response, the defendant relied solely on the allegations of the complaint to support a claim that the amount in controversy exceeds $75,000.00.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

finding of the jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

In the complaint, plaintiff alleges that he was injured when he slipped and fell at the defendant's store in Ruston, Louisiana. Plaintiff stated that he had injured his rib, wrist, and ankle in the accident, and stated that he underwent medical treatment for the injuries. In accordance with Louisiana law, plaintiff did not state a numerical value for his damage claim, and did not even seek a jury trial (which would indicate that the plaintiff believed the amount in controversy was at least in excess of $50,000.00) plaintiff argues that it is not "facially apparent" that the claims are likely above $75,000,[2] and that in fact the claims are worth less than the jury threshold.

Defendants contend that removal was appropriate because the plaintiff alleges that he "suffered great bodily injury," including a left fractured rib, left sprained wrist, and left sprained ankle, and that he suffered and continues to suffer great pain of body and mind through the date of filing suit in July of 2005. Plaintiff seeks recovery for past and future medical expenses, past and future physical injuries, and past and future mental and emotional suffering. Defendants also note that the plaintiff has passed away. In response, the plaintiff's counsel notes that the plaintiffs' death was unrelated to the fall, that the omission of a statement concerning lack of amount in controversy for jury trial was an inadvertent oversight, and that he notified defendant of this fact by letter as soon as he became aware of it. That letter, attached to the plaintiff's opposition, states that the value of the case is closer to $7,500.00 than $75,000.00, and that the

---

[2] Under Louisiana law, plaintiffs may not specify the numerical value of a damage claim. La. Code Civ. P. art. 893.

2

plaintiff's death was due to the fact that he was a 94 year old man with cancer, and not due to the fall.

There was never a claim for lost wages in this case or for permanent impairment of any kind. While the plaintiff did make a claim for future medical expenses and future pain and suffering, the evidence before the court is insufficient to support a claim that such damages were significant, and any claim for future damages has certainly been negated given the fact that the plaintiff is now deceased.

With respect to the severity of his injuries, there is no evidence to support a claim that the injuries were such as to create an amount in controversy greater than $75,000.00. The defendant submitted no medical records and no other information from which this court could conclude that medical expenses and treatment were significant.

Considering the evidence before the court, the undersigned concludes that the jurisdictional amount has not been established. Defendant has not provided the court with any summary-judgment-type evidence supporting a finding of jurisdiction, and the complaint itself fails to support the defendant's claim that the amount in controversy exceeds $75,000.00. Defendant has failed to carry its burden of proof on this issue. Therefore, the motion to remand is hereby GRANTED, and this matter will be remanded to the Third Judicial District Court, Parish of Lincoln, State of Louisiana.

Thus Done and Signed, this 20th day of October, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE